# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4123 | **DATE** | 8/25/2003 |
| **CASE TITLE** | GUISE vs. BWM MORTGAGE, LLC, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The motion for judgment on the pleadings with respect to plaintiffs' recission claims [25-1] is granted. Judgment is entered for defendant BWM Mortgage, LLC on Count II. Plaintiffs' motion for leave to file an amended complaint [27-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 26 2003 | 37 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 03 AUG 25 PM 3:50 | 8/25/2003 date mailed notice | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARROLL GUISE, REGINA GUISE and )
MILDRED GUISE, )
)   No. 03 C 4123
              Plaintiff, )
)   Suzanne B. Conlon, Judge
v. )
)
BWM MORTGAGE, LLC, )
HOMECOMING FINANCIAL NETWORK, )
INC., CLEARWATER TITLE COMPANY, )
THE LOAN ARRANGER, INC., )
MICHAEL ROBINS and DOES 1-5, )
)
              Defendants. )

## MEMORANDUM OPINION AND ORDER

Carroll, Regina and Mildred Guise (collectively, "plaintiffs"), bring this purported class action against BWM Mortgage, LLC ("BWM"), Homecomings Financial Network, Inc. ("HFN"), Clearwater Title Company ("Clearwater Title"), The Loan Arranger, Inc., Michael Robins and unknown interested mortgage companies ("Does 1-5")(collectively, "defendants") for recission of a mortgage loan and damages. Specifically, plaintiffs allege violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (Counts I and II) and the Illinois Consumer Fraud Act, 815 ILCS 505/2 (Count III). BWM counterclaims for a declaratory judgment regarding plaintiffs' rights to recission. The court previously dismissed Counts I through III against HFN, but HFN remains in this case as a Rule 19 defendant. *See* Minute Order dated August 14, 2003. BWM now moves to dismiss plaintiffs' recission claims pursuant to Fed. R. Civ. P. 12(c). In response, plaintiffs move for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a).

1

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave may be denied where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment." *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993), *quoting Forman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant or deny a motion to amend a pleading falls within "the sound discretion of the district court." *J.D. Marshall Int'l Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991).

As an initial matter, plaintiffs' proposed amended complaint fails to cure the deficiencies discussed in the court's August 14, 2003 order. Specifically, Counts I, II and III of the proposed amended complaint contain the same problematic allegations against HFN. *See* Proposed Compl. at ¶ 1 (plaintiffs bring "this action against a 'subprime' mortgage lender and its assignees"); Count I at ¶ 50 and Count II at ¶ 52 ("This claim is against BWM, HFN, and Does 1-5"); Count III at ¶ 54 ("This claim is against all defendants"); Prayers for Relief (requesting judgment against various defendants, including HFN, for all available relief, including damages). On this basis alone, plaintiffs' motion for leave to file an amended complaint must be denied.

Moreover, plaintiffs' proposed amendments are futile based on BWM's motion for judgment on the pleadings. Specifically, plaintiffs are not entitled to rescind the loan transaction because: (1) the disclosed finance charges are within allowable tolerances under TILA; and (2) plaintiff Mildred Guise was not entitled to disclosures regarding recission.

Regulation Z provides:

Tolerances for accuracy. - (1) One-half of 1 percent tolerance. Except as provided in paragraphs (g)(2) and (h)(2) of this section, the finance charge and other disclosures affected by the finance charge (such as the amount financed and the

annual percentage rate) shall be considered accurate for purposes of this section if the disclosed finance charge:

(i) is understated by no more than ½ of 1 percent of the face amount of the note or $100, whichever is greater . . .

12 C.F.R. § 226.23(g). Regulation Z further provides:

(c) Charges excluded from the finance charge. The following charges are not finance charges . . .

(7) the following fees in a transaction secured by real property or in a residential mortgage transaction, if the fees are bona fide and reasonable in amount:

(i) Fees for title examination, abstract of title, title insurance, property survey, and similar purposes . . .

12 C.F.R. § 226.4(c)(7)(i). The applicable tolerance for a note with a face amount of $180,000 is $900. Compl. at Ex. A. Plaintiffs paid $1,145 to Clearwater Title for title insurance, but claim "[t]he $1145 charged for title insurance is nearly twice the amount ($601) quoted by Chicago Title, a much larger and more substantial company, for the same coverage." Compl. at ¶¶ 19, 21. According to plaintiffs, the amount quoted by Chicago Title is reasonable. *Id.* at ¶ 23. Based on these allegations, plaintiffs concede the title insurance fee was bona fide, but not reasonable. The parties dispute whether the actual amount charged ($1,145) or the difference between the actual amount charged and the amount charged by Chicago Title ($544 [$1,145-$601]) should be used to determine whether the finance charge was within the allowable tolerances.

Plaintiffs' inclusion of the actual amount charged renders the tolerances meaningless for any loan where the total title insurance charges exceed ½ of 1% of the loan amount. For example, plaintiffs' theory allows a borrower to rescind based on a $1 excess charge on a title insurance fee over $900 on a $180,000 loan. Indeed, a comparison between the actual amount charged and a reasonable charge is inherent in the tolerance provision, which allows the finance charge to be

3

"understated" by ½ of 1% of the loan amount. In other words, even if the actual amount charged is included as a finance charge, plaintiffs' finance charge was understated by only $544 or the difference between the actual amount charged and a reasonable charge. The additional allegations in plaintiffs' proposed amended complaint regarding fees charged by other title insurance companies do not remove plaintiffs' recission claim from the applicable tolerances. Therefore, plaintiffs' recission claim based on the title insurance fees fails as a matter of law.

Plaintiffs' reliance on *Lifanda v. Elmhurst Dodge, Inc.*, 237 F.3d 803 (7th Cir. 2001), does not change this result. In *Lifanda*, the court only addressed whether plaintiffs were entitled to disclosures based on the inclusion of GAP coverage as a finance charge. *Id.* at 809-10. In contrast, plaintiffs do not allege defendants' disclosures regarding title insurance were insufficient. Therefore, *Lifanda* is inapposite to the facts presented in this case.

Nor may plaintiffs base their rescission claim on the lack of notice to Mildred Guise. Regulation Z provides that "[i]n a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind." 12 C.F.R. § 226.23(b)(1). A consumer entitled to rescind is defined a person to whom consumer credit is offered and "a natural person in whose principal dwelling a security interest is or will be retained or acquired, if that person's ownership interest in the dwelling is or will be subject to the security interest." 12 C.F.R. § 226.2(11). The parties dispute whether Mildred Guise's interest in the property was sufficient to trigger a recission disclosure under TILA.

In their proposed amended complaint, plaintiffs allege Mildred Guise was taken off the title "[s]hortly before the loan at issue," but continued to live in the property. Proposed Compl. at ¶ 12. Her removal from the title before the transaction eliminated her right to separate disclosures

4

regarding recission. *See, e.g., MorEquity v. Naeem*, 118 F.Supp.2d 885, 900 (N.D. Ill. 2000)(party quitclaiming interest in dwelling as part of transaction was not entitled to separate disclosures regarding recission). Indeed, the official commentary explains that an ownership interest for purposes of recission "does not include, for example, leaseholds or inchoate rights, such as dower." 12 C.F.R. § 226.2(a)(11), Supp. I. Plaintiffs' only authority holds that possession in accordance with a deed may require a creditor to inquire as to that parties' interest in the premises even if the deed has not been recorded. *Banco Popular v. Beneficial Systems, Inc.*, 335 Ill. App. 3d 196, 210-11, 780 N.E.2d 1113, 1125-26 (1st Dist. 2002). Plaintiffs' amendment cannot correct the fact that Mildred Guise was not in possession of the property under a deed at the time of the transaction. Any inquiry by defendants would have revealed that fact. Therefore, plaintiffs' motion for leave to file an amended complaint must be denied.

August 25, 2003

ENTER:

Suzanne B. Conlon
United States District Judge